NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NAEEM MITCHELL, | : | |
| | : | Civil Action No. 16-0532(MCA) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF NEW JERSEY and | : | |
| WILLIE BONDS, | : | |
| | : | |
| Respondents. | : | |

**MADELINE COX ARLEO, District Judge**

## I.   INTRODUCTION

This matter has been opened to the Court by the pro se Amended Petition (ECF No. 2) of Naeem Mitchell ("Petitioner") seeking an evidentiary hearing and a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 2 at 14.) On April 18, 2016, Respondents filed an Answer to the Amended Petition. (ECF No. 7.) Petitioner thereafter sought extensions of time to file his reply to Respondents' Answer (ECF Nos. 8 and 10), which this Court granted. (ECF Nos. 9 and 12.) On September 6, 2016, Petitioner filed his traverse, replying to Respondents' Answer. (ECF No. 10-1.) On October 31, 2018, Petitioner filed a Notice of Motion for an Evidentiary Hearing regarding his § 2254 Amended Petition. (ECF No. 13.)

For the reasons explained below, the Court will: deny the Amended Petition without prejudice; deny the Motion without prejudice; and allow Petitioner leave to file evidence that his habeas application is not *per se* untimely..

## II.  **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

### A. **Factual Background**

This Court, affording the state court's factual determinations the appropriate deference, *see* 28 U.S.C. § 2254(e)(1),[1] relies upon the recitation of facts as set forth by the Appellate Division of the Superior Court of New Jersey ("Appellate Division") in its July 1, 2015 written opinion. *State of New Jersey v. Mitchell*, No. A-1518-13T1, 2015 WL 3966706 (N.J. Super. Ct. July 1, 2015). (ECF No. 7-7.) The Appellate Division affirmed the ruling of the Law Division of the Superior Court of New Jersey denying Petitioner's application for post-conviction relief ("PCR"). *Mitchell*, 2015 WL 3966706, at *11. The Appellate Division discerned the following facts from the record on appeal, which this Court

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

considers along with other parts of the record that are
pertinent to this Opinion:

In a ten-count indictment, an Essex County grand jury
charged Petitioner with first-degree attempted murder of four
Newark police officers in violation of N.J. Stat. Ann. § 2C:5-1
and N.J. Stat. Ann. § 2C:11-3 (counts one, three, five, and
seven); four counts of second-degree aggravated assault upon
those police officers in violation of N.J. Stat. Ann. § 2C:12-
1(b)(1) (counts two, four, six, and eight); third-degree
possession of a handgun without a permit in violation of N.J.
Stat. Ann. § 2C:39-5(b) (count nine); and second-degree
possession of a handgun for an unlawful purpose in violation of
N.J. Stat. Ann. § 2C:39-4(a) (count ten). *Mitchell*, 2015 WL
3966706, at *3.

On July 23, 2007, a jury acquitted Petitioner on counts
one, five, and seven charging attempted murder, and counts six
and eight charging aggravated assault, but Petitioner was
convicted of second-degree aggravated assault upon two of the
police officers (counts two and four), and the weapons offenses
(counts nine and ten). (*Mitchell*, 2015 WL 3966706, at *4; *State
v. Mitchell*, 2010 WL 4025941, at *1 (N.J. Super. Ct. Aug. 20,
2010.) The jury was unable to reach a unanimous decision on
count three, and that count was subsequently dismissed.
(*Mitchell*, 2015 WL 3966706, at *4; *Mitchell*, 2010 WL 4025941, at

3

*1.) Following the jury verdict, Petitioner pled guilty to a separate indictment that charged him with second-degree possession of a handgun by a prohibited person in violation of N.J. Stat. Ann. § 2C:39-7(b)(1). (*Id.*)

On September 10, 2007, the court sentenced Petitioner to: consecutive ten-year prison terms on counts two and four (second-degree aggravated assault), subject to an eighty-five percent period of parole ineligibility under the No Early Release Act ("NERA"), N.J. Stat. Ann. § 2C:43-7.2; a concurrent five-year term with two-and-one-half years of parole ineligibility on count nine (third-degree possession of a handgun without a permit); a concurrent ten-year term with five years of parole ineligibility on count ten (second-degree possession of a handgun for an unlawful purpose); and a ten-year consecutive term with a five-year period of parole ineligibility for second-degree possession of a handgun by a prohibited person, charged in a separate indictment. (*Mitchell*, 2010 WL 4025941, at *1.) Thus, Petitioner's aggregate sentence was thirty years in prison, with twenty-three years of parole ineligibility (seventeen years under NERA, with an additional five-year period of parole ineligibility for possession of a handgun by a prohibited person). (*Id.*) (*See also* ECF No. 7-22 at 14-21; ECF No. 7-4 at 61-67.)

On March 24, 2008, Petitioner filed a Notice of Appeal of his conviction. (ECF No. 7-4 at 68.) Petitioner's direct appeal challenged: the trial court's jury instructions as to elements of the charged offenses; the trial court not merging the charge of possession of a weapon for an unlawful purpose with that for aggravated assault; the trial court's imposition of consecutive periods of parole supervision on two NERA offenses; the trial court's imposition of consecutive sentences; and the trial court's imposition of an allegedly excessive sentence. (*Mitchell*, 2010 WL 4025941, at *1.)

On August 20, 2010, the Appellate Division remanded for entry of a corrected judgment that merged count ten into counts two and four and that imposed concurrent NERA supervisory terms. In all other respects, the Appellate Division affirmed Petitioner's judgment of conviction. (*Mitchell*, 2010 WL 4025941, at *5.) The Law Division then entered an amended judgment on August 20, 2010 that merged count ten into counts two and four and that imposed concurrent NERA supervisory terms. (*Mitchell*, 2010 WL 4025941, at *5; ECF No. 7-23 at 3-5; ECF No. 7-4 at 79-82.) It does not appear from the record before this Court that Petitioner sought to appeal that amended judgment of conviction.

Petitioner filed a petition for certification from the Appellate Division's decision with the New Jersey Supreme Court.

That Court denied certification on February 15, 2011. (ECF No. 7-4 at 83.)

Petitioner thereafter filed a PCR petition. Petitioner's original PCR petition is dated March 30, 2012, but there is no time-stamped copy of that petition in the record before this Court showing the date the petition was actually filed with the PCR court. (*See* ECF No. 7-4 at 85-98; ECF No. 1-5 at 1-11.) The PCR trial court's June 27, 2013 written opinion denying PCR states that Petitioner filed his PCR application on April 3, 2012. (ECF No. 7-4 at 134.) Nevertheless, given Petitioner's pro se status, this Court will give Petitioner the benefit of the doubt and will use March 30, 2012 as the date when he filed his PCR application. The Court uses it as the PCR file date for purposes of this Opinion only.

On January 22, 2013, Petitioner filed an Amended Verified Petition with the PCR court. (ECF No. 7-4 at 99-122 and at 134.)

The Honorable Michael L. Ravin, J.S.C. denied PCR in a written opinion and order dated June 27, 2013. (ECF No. 7-4 at 132-52.)[2]

---

[2] This Court notes that Respondents' Answer states that the PCR trial court held oral argument on March 22, 2013 regarding Petitioner's PCR application. (ECF No. 7 at 17.) Respondents' Answer does not, however, append the transcript from that hearing, as Respondents state that it is "missing." (ECF No. 7-1 at 3.) The contents of that transcript are not determinative of the issues before this Court on Petitioner's Amended Petition, as explained in this Opinion.

6

Petitioner filed a Notice of Appeal of the PCR denial, dated November 25, 2013. (ECF No. 7-4 at 153-54.) Petitioner's designated counsel filed a brief in support, dated May 12, 2014. (ECF No. 7-4 at 2-42.) Petitioner also filed a pro se supporting appellate brief, dated August 8, 2014. (ECF No. 7-24.)

On July 1, 2015, the Appellate Division affirmed denial of PCR. (ECF No. 7-7.)

On November 6, 2015, the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 7-9.)

Petitioner executed his original § 2254 petition on January 14, 2016. (ECF No. 1 at 17.) He left blank the section of that petition directing him to indicate the date on which the petition had been placed into the prison mailing system. (*Id.*) The Clerk's Office of this Court received and docketed his original habeas petition on January 29, 2016. (ECF No. 1.)

Petitioner executed his amended § 2254 petition on February 11, 2016. (ECF No. 2 at 14.) He placed it into the prison mailing system on that same date. (*Id.*)

On March 14, 2016, this Court entered an Order directing Respondents to answer the Amended Petition. (ECF No. 4.)

On April 18, 2016 Respondents filed their Answer with supporting exhibits, arguing, *inter alia*, that Petitioner's application for habeas relief is untimely. (ECF No. 7 at 45-46.)

On September 6, 2016, Petitioner filed his traverse to Respondents' Answer. (ECF 10-1 ("Traverse").) The Traverse addressed the merits of his substantive habeas claims (*id.* at 13-28), but did not reply to the untimeliness argument in Respondents' Answer.

On October 31, 2018, Petitioner filed a Motion for an Evidentiary Hearing on his habeas claim of ineffective assistance of counsel in the Amended Petition. (ECF No. 13.)

## III. <u>ANALYSIS</u>

### A. <u>The Petition Appears Untimely, And The Present Record Does Not Support Statutory Tolling</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of —

> (A) [T]he date on which the judgment became final by the conclusion of direct review *or* the expiration of the time for seeking such review;
> (B) [T]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) [T]he date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on
> collateral review; or
> (D) [T]he date on which the factual
> predicate of the claim or claims presented
> could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2244(d)(1). Thus, except in extremely limited circumstances, a prisoner must file one all-inclusive petition within one year of the date when judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d).

Under the AEDPA's statutory tolling provision of § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Under this statutory tolling exception, the AEDPA's one-year limitation period is tolled during the time a properly filed application for state PCR relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003); *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied*, *Horn v. Fahy*, 534 U.S. 944 (2001).[3]

---

[3] An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz*, 204 F.3d at 424.

Here, the New Jersey Appellate Division on August 20, 2010 affirmed Petitioner's convictions and the sentences imposed, remanding to the trial court for entry of a corrected judgment of conviction that merged counts two, four, and ten and that imposed consecutive NERA terms. (*Mitchell*, 2010 WL 4025941, at *5.) The Law Division then entered the amended judgment of conviction on the same day, specifically August 20, 2010. (ECF 7-4 at 79-82.) The New Jersey Supreme Court denied certification on February 10, 2011. (ECF No. 7-4 at 83.)

State courts' criminal judgments become "final" for AEDPA purposes by the conclusion of direct review or by the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999). United States Supreme Court Rule 13.1 affords litigants ninety days to file a petition for writ of certiorari in the United States Supreme Court. Accordingly, if a state prisoner, such as Petitioner here, seeks discretionary review to the state's highest court but does not file a petition for writ of certiorari with the United States Supreme Court, the state court judgment becomes final ninety days after the state's highest court denies review or relief. Thus, since Petitioner did not pursue direct review all the way to the United States Supreme

10

Court, his judgment of conviction became final ninety days after entry of the New Jersey Supreme Court's February 15, 2011[4] order denying certification -- *i.e.*, May 16, 2011. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). The one-year limitations period of the AEDPA began to run on May 17, 2011, and it expired one year later -- on May 17, 2012.

Petitioner has not provided this Court with any evidence that he placed his original § 2254 petition into the prison mailing system on or before May 17, 2012. Instead, the record demonstrates only that he executed his original habeas petition on January 14, 2016 (ECF No. 1 at 17), making it *per se* untimely unless saved by statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(A).

Statutory tolling does not remedy the untimeliness of Petitioner's habeas application. Assuming for discussion purposes only that Petitioner in fact filed his first PCR

---

[4] The August 20, 2010 amended judgment of conviction does not appear to change the date on which petitioner's conviction became final. Indeed, there is nothing in the record to suggest that Petitioner ever sought to appeal this August 20, 2010 amendment judgment of conviction at all, let alone within the forty-five days allotted for filing a notice of appeal. *See* New Jersey Rule of Court 2:4-1(a).

petition on March 30, 2012, that filing would not cure his habeas application's untimeliness. The March 30, 2012 PCR petition would have been Petitioner's first action that might have statutorily tolled the running of the AEDPA's one-year limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (habeas limitations period is statutorily tolled while a properly filed state collateral relief petition is pending); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015) (statute of limitations is statutorily tolled while a petitioner has a properly filed PCR petition pending before the state courts) (citing *Swartz*, 204 F.3d at 419 and *Morris*, 187 F.3d at 337 n.1).

Three hundred and seventeen days passed between May 17, 2011 (*i.e.*, when the AEDPA limitations period began to run) and March 30, 2012 (*i.e.*, when the PCR petition was supposedly filed, thus tolling the AEDPA's one-year limitations period).

The AEDPA limitations period then began to run again on November 6, 2015, when the New Jersey Supreme Court denied Petitioner's petition for certification. (ECF No. 7-9.) As of November 6, 2015, Petitioner's original PCR petition was no longer "pending," *see* 28 U.S.C. § 2244(d)(2). Petitioner at that point had forty-eight days remaining on his one-year AEDPA limitations period. Those remaining forty-eight days expired on December 24, 2015.

However, Petitioner missed the deadline because his original § 2254 habeas petition was not filed until January 14, 2016, approximately three weeks too late.

In light of Petitioner's pro se status, this Court will also consider equitable tolling.

## B. Petitioner Has Not Demonstrated Entitlement To Equitable Tolling

When, as here, statutory tolling is unavailable, the AEDPA's statute of limitations may be equitably tolled in certain extraordinary circumstances. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient. *Id.*

To claim equitable tolling, a habeas petitioner must show: (1) that he faced "extraordinary circumstances" that stood in the way of timely filing, and (2) that he exercised "reasonable diligence" in pursuing his rights throughout the period to be tolled. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562-63 (2010); *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon*, 654 F.3d at 399). To establish extraordinary circumstances for equitable tolling, a petitioner must show either that he has been actively misled, that he was

prevented from asserting his rights in some extraordinary way, that he timely asserted his rights in the wrong forum, or that the court misled him regarding the steps he needed to take to preserve his claim. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *see also Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir.), *cert. denied*, 546 U.S. 957 (2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon*, 654 F.3d at 399. The courts should only permit it "in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

Here, Petitioner has not offered any argument whatsoever, much less any evidence, that this case is one of those "rare situation[s]." *LaCava*, 398 F.3d at 275.

Furthermore, this Court itself is unable to reasonably discern from the record any demonstration of equitable tolling's "extraordinary circumstances" or "reasonable diligence" prongs.

In addition, the claims asserted in Petitioner's habeas Amended Petition were all available to him before the AEDPA limitations period expired; his claims are not based, for instance, on newly and recently discovered evidence.[5]

---

[5] The Amended Petition asserts five ineffective assistance of counsel claims. (ECF No. 2.) The Court notes that pages numbered five and six in the top right-hand corner are omitted in the Amended Petition that the Petitioner filed. (*Id.*)

14

Notwithstanding the Amended Petition's untimeliness and the absence of any argument or evidence in the record to support statutory or equitable tolling, this Court will, in light of Petitioner's pro se status, deny the Amended Petition without prejudice.

The Court will allow Petitioner leave to file materials that demonstrate his habeas application is not *per se* untimely. Specifically, if he chooses, Petitioner may submit evidence that this Court should use a different date rather than May 16, 2011 as the date for which his judgment of conviction became final, as well as evidence or arguments that statutory tolling and/or equitable tolling apply to make his federal habeas petition timely. Petitioner shall be given thirty days in which to submit such materials/arguments, should he elect to do so. In the event Petitioner does timely file any such arguments or evidence, Respondents may respond to such filing within thirty days after Petitioner files the evidence.

In the event Petitioner does not file any such evidence or argument within thirty days of the date of this Opinion, this Court shall dismiss the Amended Petition with prejudice.

Because this Court is dismissing the Amended Petition without prejudice, this Court will reserve judgment on whether a certificate of appealability shall issue at this time.

Finally, the Court will deny without prejudice Petitioner's

Motion for an Evidentiary Hearing. (ECF No. 13.) The Amended
Petition appearing time-barred, and Petitioner having failed to
make the threshold proffers necessary for either statutory or
equitable tolling, his hearing request does not merit further
written discussion and his Motion is denied at this time. *See*
*Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 n.2 (3d Cir. 1991)
(petitioner not entitled to evidentiary hearing based on "bald
assertions and conclusory allegations").

## IV.   CONCLUSION

For all of these reasons, the Amended Petition is untimely.
The record does not support statutory or equitable tolling.
Therefore, the Amended Petition (ECF No. 2) and the Motion for
an Evidentiary Hearing (ECF No. 13) will be denied without
prejudice. An appropriate Order follows.

Dated: _____, 2019

Madeline Cox Arleo
United States District Judge